UNITED STATES DISTRICT COURT

SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| REGINO MENDEZ QUINTANA,<br><br>Petitioner,<br><br>v.<br><br>PATRICK DIVVER; et al.,<br><br>Respondents. | Case No.:  26cv3470-LL-JLB<br><br>**ORDER GRANTING IN PART AND DENYING IN PART PETITION FOR WRIT OF HABEAS CORPUS PURSUANT TO 28 U.S.C. § 2241 [ECF No. 1];**<br><br>**ORDER DENYING AS MOOT PETITIONER'S MOTION FOR TEMPORARY RESTRAINING ORDER [ECF No. 5]** |

Before the Court is Petitioner Regino Mendez Quintana's Petition for a Writ of Habeas Corpus under 28 U.S.C. § 2241 [ECF No. 1 ("Pet.")], which claims his detention violates the Immigration and Nationality Act, 8 U.S.C. § 1226(a), the Due Process Clause of the Fifth Amendment, and the Administrative Procedure Act. Pet. ¶¶ 33–47. Petitioner seeks a writ of habeas corpus directing Respondents to provide him with a bond hearing under 8 U.S.C. § 1226(a) or, alternatively, to release him. *Id.* at 8.

Respondents filed a Response in which they state that "it is the government's position that Petitioner is subject to mandatory detention under § 1225(b)(2)," but "the government acknowledges that this Court, and Courts in this District, have repeatedly

reached the opposite conclusion under the same and/or similar facts." ECF No. 7 at 2 (citations omitted). Respondents further state that in light of the Court's prior decisions on cases with similar facts, "the government does not oppose the petition and defers to the court on the appropriate relief." *Id.* at 3. Petitioner did not file a Traverse. *See* Docket.

Petitioner is a native and citizen of Mexico who is currently being detained. Pet. ¶¶ 21, 32. Petitioner entered the United States without inspection in November 1986 and was not apprehended upon arrival. *Id.* ¶¶ 22–23. Petitioner has lived in the United States for nearly forty years. *Id.* ¶¶ 2, 24. Immigration and Customs Enforcement arrested Petitioner on May 11, 2026. *Id.* ¶ 27. The Court finds that Petitioner's detention is governed by 8 U.S.C. § 1226(a). *See, e.g.*, *Beltran v. Noem*, No. 25cv2650-LL-DEB, 2025 WL 3078837, at *4–7 (S.D. Cal. Nov. 4, 2025). The Court adopts its reasoning stated in *Beltran v. Noem* on this issue. *Id.* Upon the Court's review of the Petition, Petitioner has not presented the Court with any controlling authority that supports Petitioner's request for immediate release given the facts of Petitioner's case.

Accordingly, the Court **ORDERS** as follows:

1.    Petitioner's Petition for Writ of Habeas Corpus is **GRANTED IN PART AND DENIED IN PART** as set forth below.

2.    Respondents shall provide Petitioner with an individualized bond hearing before an immigration judge pursuant to 8 U.S.C. § 1226(a) within **seven (7) days** of the date of this order.

   a.    At any such hearing, the immigration judge **SHALL NOT** deny Petitioner bond on the basis that 8 U.S.C. § 1225(b)(2) requires mandatory detention.

   b.    The immigration judge **SHALL** consider alternative conditions of release and Petitioner's ability to pay bond if he or she determines bond is appropriate. *See Hernandez v. Sessions*, 872 F.3d 976, 990–91 (9th Cir. 2017).

26cv3470-LL-JLB

c. Respondents **SHALL** make a complete record of the bond hearing available to Petitioner and his counsel. *See Martinez v. Clark*, 124 F.4th 775, 786 (9th Cir. 2024).

3. Petitioner's request for immediate release is **DENIED WITHOUT PREJUDICE**.

4. Petitioner's Motion for Temporary Restraining Order (ECF No. 5) is **DENIED AS MOOT** in light of the Court's ruling herein.

5. The Clerk of Court shall enter judgment in Petitioner's favor and close this case.

**IT IS SO ORDERED**.

Dated:  June 29, 2026

_____
Honorable Linda Lopez
United States District Judge

26cv3470-LL-JLB